Hillsborough, }
June 7, 1938. }

THE MANCHESTER PRESS CLUB *v.* STATE LIQUOR COMMISSION.

*Paul J. Doyle* and *John J. O'Reilly, Jr.* (*Mr. Doyle* orally), for the plaintiff.

*Thomas P. Cheney,* Attorney-General, *Frank R. Kenison,* Assistant Attorney-General, and *J. Blanche Newhall* (*Mr. Kenison* orally), for the defendant.

ALLEN, C. J. An act regulating traffic in intoxicating liquor (Laws 1934, *c.* 3) contains these pertinent provisions. The commission thereby created to administer the act may appoint special agents to investigate, under its direction, "any or all matters" arising under the act and other liquor legislation (*s.* 8); any member of the commission or any of its special agents may at any time

enter any place where liquor is sold or manufactured (*s.* 8); the commission shall cause frequent inspections to be made of such a place (*s.* 28); it may suspend and revoke licenses for violations of the act (s. 28) and shall prosecute offenses against the liquor laws (*s.* 8); its agents shall have a sheriff's powers with reference to the liquor laws and in "the enforcement of such laws, either in co-operation with, or independently of, the officers of any county, city or town" (*s.* 37); and it may "make all necessary and proper rules and regulations for carrying out the provisions" of the act, to "have the effect of law." (*s.* 12).

The contention that the regulation is invalid on the ground that it violates the protection of the federal and state constitutions from unreasonable search, confuses between rights and privileges. No one may sell intoxicating liquor against the State's consent, and if consent is granted, it may be on such terms and conditions as the State attaches thereto. Acceptance of the license is an acceptance of the requirements to be observed by the licensee. The requirements impose the obligation to observe them, since the obligation is one voluntarily assumed in return for the privilege. *State* v. *Corron*, 73 N. H. 434, 445; *State* v. *Sterrin*, 78 N. H. 220; *Rosenblum* v. *Griffin, ante*, 314.

The uncompelled surrender of a right is not an invasion of the right by the recipient of the surrender, and the right to be secure against unreasonable search and seizure is one that may be yielded. No rule of public policy forbids its waiver.

Also, when a license or privilege is granted subject to such rules and regulations as may be imposed, the adoption of a regulation after the grant is not retroactive in application to the license merely because from the time of the adoption it affects subsequent conduct under the license. The acceptance of the license involves acceptance of such a regulation. Violation of a regulation while a license is in force is a violation of the terms of its grant. A license to sell liquor cedes no vested rights. *State* v. *Holmes*, 38 N. H. 225.

And the courts may not condemn the regulation as arbitrary and unreasonable, and hence as an invalid exercise of police power. *Coleman* v. *District*, 87 N. H. 465, 471, 472; *Rosenblum* v. *Griffin, ante*, 314.

Nor is the claim of an improper delegation of legislative power tenable. The act prescribes the general powers and duties of the commission and defines the sphere of their action with substantial specification. The regulation is one which the legislature has due

power to authorize the commission to establish as an administrative order. *Opinion of the Justices*, 88 N. H. 497.

The regulation is also attacked on the ground that the legislature has not empowered the commission to adopt it. Argument is advanced that it is not a "necessary and proper" one for the discharge of the duties and functions of the commission. It is urged that it is an offensive and drastic disturbance of the right of privacy, and that the grant of authority to the commission to issue orders should be construed in the light of the policy of freedom from espionage.

The regulation is considered to be valid in part. The requirement of a key for the use of the commission and its own agents readily facilitates the performance of its prescribed assignment to frequently inspect premises where a license is exercised, and action in pursuance of the provision of the act permitting entrance at any time by the commission or its agents of such premises, is reasonably aided by an order securing unimpeded means of entrance. The legislature, authorizing entrance and requiring frequent inspection, did not intend that regulation helping to give the authority and requirement operative efficiency should be beyond the scope of the granted authority to regulate merely because it subjects the licensee to undesired and unwarned visits from the commission or its agents. The liquor traffic is too marked a subject for control as a concern of public welfare to justify a finding, in construing legislation providing for the control, of restraint to the extent of obstructing or limiting the control when the finding would be based only upon the interference with privacy. While construction may take into account conflicting policies, it may not defeat a fairly expressed adjustment or preference which the legislature has arranged between them.

But the commission's authority to issue orders was bestowed solely to enable it more efficiently and effectively to administer and enforce its own official assignments. Authority to regulate for the benefit of other enforcement agencies has not been granted. As the act sets forth, the rules and regulations are to be "for carrying out" its provisions, and by it the commission is the sole agency to take control of liquor traffic. And it has "primary responsibility" (s. 37) to enforce the laws on the subject. While other officials may prosecute violations of the law, as well as may the commission and its own appointed agents, the act contains no provision by which the authority already possessed by such other officials is or may be augmented. It does not enlarge or broaden their

powers either in extent or manner, nor does it provide for such an increase. While they may act independently of the commission's agents in the enforcement of the liquor laws or in coöperation with them, the commission has not been delegated the right to place any instruments in aid of enforcement in their hands.

Delegation of legislative power to such a tribunal as the commission is limited to "expressed enactment or its fairly implied inferences." *Petition of Boston & Maine Railroad*, 82 N. H. 116. The rules and regulations which the commission may adopt relate only to its own administration of the law, under a proper reading of the law in the light of its general scope and purpose to create a tribunal charged with the exclusive execution of the law and with shared responsibility for its enforcement. If the equal right of entrance of independent officials with that of the commission's own agents may conceivably serve to promote the execution of the law, it is in such remote degree and the proper occasions to exercise the right would be of such rare occurrence as to make it of negligible importance.

The duty of frequent inspection is assigned in particular connection with the revocation and suspension of licenses, a matter solely within the commission's province. It hardly needs suggestion that if one is subject to two independent controls in observance of a license, confusion and conflict in the exercise of control is not an unexpectable outcome. If the legislature had intended to permit such a situation, it is probable that it would have made its purpose clear. In the absence of direct statement in the act or of reasonable implication from its language it is not found to vest the commission with discretionary authority to place in the hands of officials outside its own organization an enforcement weapon which the legislature may have regarded as drastic, intrusive, and unduly disturbing to the primary objects of a social or fraternal club, so as to make it uncalled for. Open at all times to the right of commission access, a club does not escape oversight because it is not also thus open to police access.

As an exercise of ungranted authority, so much of the regulation as requires a club to furnish a key to its premises for the use of the local chief of police is invalid.

*Case discharged.*

All concurred.