FRANK DROZDOWSKI, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SAYREVILLE SITTING AS ISSUING AUTHORITY, RESPONDENTS.

Submitted October 1, 1946—Decided November 7, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Paul C. Kemeny.*

For the respondents, *Francis N. Reps.*

The opinion of the court was delivered by

BODINE, J. The writ in this case was allowed April 6th, 1946. It is argued that the question of the revocation of the liquor license in question is moot since if it had not been revoked it would have expired by limitation June 30th, 1946; but since the question posed on this writ is whether the license

was properly revoked we think the question is not moot since the revocation may affect the prosecutor's standing when making future applications for a license and, therefore, the question must be decided. Another phase of the same case was before the court in *Drozdowski* v. *Sayreville*, 133 *N. J. L.* 536.

The prosecutor of this writ first secured his liquor license and then started to improve his property for the purpose of selling liquor. The revocation was upon the complaint of Rev. Alexander Maciejewski.

Summarizing the first charge made against the licensee, it was that in his application he made no representations that he would improve the building upon the premises for which the application was made. This charge is specious, since it is common knowledge that the premises used for the sale of liquor require changes, especially when the building upon the lands in question consisted of a small dwelling house, which obviously would be unsuitable for the conduct of the liquor business.

The second and third charges were that the licensee represented that he had secured the consent of the Rev. Alexander Maciejewski to his application. Whatever the representations made to the councilmen may have been, it was their duty to determine the fitness of the applicant for the license and the suitability of the premises by reason of the location, and otherwise, for the intended use. Persons charged with a duty to see to it that there is a compliance with the law of the state may not surrender that duty to the approval or disapproval of any citizen in the community.

The fourth charge was that the license so granted was without the full knowledge of the Borough Council that the St. Stanislaus Kostka Church owned land across the road from the licensed premises and proposed to build a church thereon. The ownership of land is a matter of public record and the ignorance of the City Council is no reason to revoke its action, unless its lack of knowledge rests in some fault perpetrated by the applicant for the license. Because the City Council made no inquiry it cannot now complain of fraud.

The fifth charge was that six hundred school children of adolescent age pass by the *situs* of the proposed tavern. This is not an unusual circumstance in a town of 8,300 people.

A license duly granted may be revoked under *R. S.* 33:1–25 for the following grounds: "Fraud, misrepresentations, false statements, misleading statements, evasions or suppression of material facts in the securing of a license are grounds for revocation."

After carefully reviewing the record, it seems that the statutory grounds were non-existent. The case is controlled by *Freeman* v. *Hague*, 106 *N. J. L.* 137, and *Matthews* v. *Asbury Park*, 113 *Id.* 205.

The action complained of will be set aside, with costs.