Argued January 21; reversed February 18, 1947

# PERRY *v.* OREGON LIQUOR CONTROL COMMISSION

### (177 P. (2d) 406)

*Wilber Henderson,* of Portland, attorney for Oregon Liquor Control Commission, appellant.

No appearance for respondent on the merits. (W. J. Prendergast, Jr., of Portland, for respondent on motion to dismiss.)

BELT, J.

This is an appeal from a decree setting aside and cancelling an order of the Oregon Liquor Control Commission suspending for a period of sixty days a license issued to Mary P. Perry to operate the Shangri-La Supper Club in the city of Portland. The restaurant and service licenses were suspended for the reason:

"That you have violated the provisions of the Oregon Liquor Control Act and the regulations of the Commission pursuant thereto.

"That your employe has been convicted of a misdemeanor committed on the licensed premises, to wit: sale of spirituous liquor."

It was stipulated that such employee was convicted of a sale of spirituous liquor on the premises of the

licensee. It was further stipulated that the sale was not in the presence of the licensee, and that if she were called as a witness, she would testify that the sale of whiskey was without her knowledge and against her instructions.

The Commission in suspending the license based its order on § 24-122, O. C. L. A., which provides that:

"The commission may cancel or suspend any such license granted if it finds or has reasonable ground to believe any of the following to be true:

(1) That the licensee has violated any provision of this act or acts amendatory hereof or *any regulation of the commission pursuant hereto.* * * * * *." (Italics ours)

and also on subdivision (m) of Regulation 3 of the Rules and Regulations of the Commission which provides:

"Licensees shall be held strictly accountable for any act or omission of any servant, agent, employee or representative of such licensee in violation of any law, municipal ordinance or regulation affecting the licensed privilege."

The circuit court, on appeal, held that the Commission abused its discretion in suspending the license and that it had no authority to adopt the regulation above set forth, and that under § 24-122, O. C. L. A., the conviction of the employee did not establish the fact that the licensee had violated any law by selling spirituous liquor.

From the decree reinstating the license, the Liquor Commission has appealed. Respondent filed no brief on the merits.

#### ON MOTION TO DISMISS APPEAL

Licensee has set forth several grounds for the dis-

missal of this appeal, but we think there are only two of them worthy of consideration, viz: (1) Does this court have jurisdiction to hear the cause? Is there any statutory authorization of appeal by the Commission from decree of circuit court? (2) Is the question as to the suspension of the license a moot one—and therefore improper to consider—since the suspension period expired October 21, 1946? These questions will be considered in the order stated.

█ █ We are not unmindful of the fundamental principle that appeal is purely a statutory right. If the right of appeal is not authorized by statute, it does not exist. § 24-127, O. C. L. A., provides that if the Commission revokes or suspends a license, the licensee has the right of appeal to the circuit court. In this special statutory proceeding, the right of the Commission to appeal from a decree of the circuit court is given under and by virtue of § 11-103, O. C. L. A., which provides:

"An appeal may be taken from the circuit court to the Supreme Court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action at law or suit in equity, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

In this special statutory proceeding, there is no inhibition against appeal by the Liquor Commission.

*Nickerson v. Mecklem*, 169 Or. 270, 126 P. (2d) 1095, is squarely in point and adverse to the contention of the licensee.

█ We agree that courts ordinarily do not determine moot questions. There is, however, a well recognized exception to this general rule. Where the question

is one involving the public welfare, and there is a likelihood of it being raised again in the future, a court in the exercise of its discretion may decide it for the guidance of an official administrative agency. *Southern Pacific Terminal Co. v. Interstate Comm. Comm.*, 219 U. S. 498, 55 L. Ed. 310, 31 S. Ct. 279; *McCanless, Com'r. v. Klein*, 182 Tenn. 631, 188 S. W. (2d) 745; *Fox v. Holman*, 95 Ind. App. 598, 184 N. E. 194; *Payne, County Treas., v. Jones*, 193 Okla. 609, 146 P. (2d) 113; *Brown v. Baumer*, 301 Ky. 315, 191 S. W. (2d) 235; *Drozdowski v. Mayor and Council, etc.*, 134 N. J. L. 566, 49 A. (2d) 476. The rule is thus stated in 1 C. J. S., Actions, § 17:

"* * * a court ordinarily will not entertain an action or proceeding merely for the purpose of passing on a moot question or abstract proposition, unless * * * the determination of such question or proposition is necessary to the disposition of an actually pending controversy, or unless some question of general public interest is involved."

█ We think the question involved herein is of sufficient public interest to warrant this court in deciding the question.

The motion to dismiss appeal is denied.

#### ON THE MERITS

The "Oregon Liquor Control Act" was enacted in 1933, § 24-101, et seq., O. C. L. A., for the purpose, among other things, of controlling the sale and consumption of alcoholic beverages. The regulation and control of the liquor traffic always has been, and, perhaps, always will be, a vexatious and difficult problem. The legislature in the exercise of its police power saw fit to create the "Oregon Liquor Control Commission" and has delegated to it power to adopt rules and regulations to effectuate the purpose and

spirit of the Act. The constitutionality of the Act was sustained in *Klamath Falls v. Oregon Liquor Control Comm.*, 146 Or. 83, 29 P. (2d) 564.

■ The rules and regulations adopted by the Commission, pursuant to subdivision (h) of § 24-106, O. C. L. A., which are "necessary and feasible for carrying out the provisions of this act", have the "full force and effect of law". Regulation M of the Commission making the licensee responsible for the "act or omission of any servant, agent, employee or representative" is undoubtedly reasonable and tends toward a more efficient administration of the Act. It was unlawful for the "barkeeper" to sell whiskey. It is wholly immaterial whether the licensee knew about such sale or whether it was contrary to her instructions. *State v. Schull,* 66 S. D. 102, 279 N. W. 241, 115 A. L. R. 1226, 30 Am. Jur., Intoxicating Liquors, § 146, note Ann. Cas. 1912 A 1109.

■ When the licensee accepted the license, she impliedly agreed to obey the provisions of the Liquor Control Act and all reasonable regulations of the Commission made pursuant thereto. *Manchester Press Club v. State Liquor Commission,* 89 N. H. 442, 200 A. 407, 116 A.L.R. 1093. It was incumbent upon the licensee to conduct this night club in a lawful manner, whether it was operated by her personally or through her agents or employees. If the rule were otherwise, the Commission would have slight control over the sale and consumption of intoxicating liquor.

■ A license to serve alcoholic liquor is not a contract creating property rights. There are no vested rights involved. The license merely grants to the licensee a temporary privilege to do that which would otherwise be unlawful. *McCanless v. Klein,* supra.

■■ Wide discretion is vested in the Commission to determine whether a license should be revoked or suspended. Courts should not interfere with the exercise of discretion by such administrative agencies, unless it plainly appears that there has been an abuse thereof. The Commission in the instant case did not act arbitrarily or capriciously in suspending a license for an admitted violation of the law.

The decree is reversed and the order of suspension is sustained. The Oregon Liquor Control Commission is entitled to costs and disbursements.

KELLY, J., did not participate in this decision.