Argued June 17; reversed June 24, 1947

# HART ET AL. *v.* OREGON LIQUOR CONTROL COMMISSION

(182 P. (2d) 364)

In Banc.

*Wilber Henderson,* of Portland, for appellant.

No appearance for respondents.

## KELLY, J.

Lucille Emma Hart and Orville Fred Hart, her husband, appealed to the circuit court of Multnomah County from an order of the Oregon Liquor Control Commission revoking a retail Beer Class B license and Package Store Class B license theretofore granted

them. The circuit court entered an order holding that the Oregon Liquor Control Commission abused its discretion in revoking said licenses and directing said commission to cancel said revocation forthwith and reinstate said licenses. From the order of the circuit court the Oregon Liquor Control Commission appeals.

On the 21st day of August, 1946, respondents, Mr. and Mrs. Hart, made out and filed with appellant, Oregon Liquor Control Commission, their application for the licenses in suit. Their application was referred to an inspector for the commission, Mr. Eugene W. Reed, with directions to him to investigate the matter in order to determine whether respondents were eligible and proper persons to receive such licenses.

On August 24, 1946, inspector Reed interviewed respondents and asked them, among other things, if they had a police record to which they made answer in the negative.

On September 16, 1946, based upon respondents' application and the report of the investigator, the licenses were issued.

Later, the fact was disclosed that respondent Orville Fred Hart had a police record as follows:

April 19, 1930, arrested in Portland, Oregon, for the crime of larceny of automobile accessories. Admitted theft. No disposition made.

January 11, 1931, charged with disorderly conduct. No disposition.

February 17, 1932, charged with larceny of automobile and given one year in county jail.

November 20, 1935, arrested and charged with reckless driving. Fined $25.00.

January 31, 1938, arrested on charge of malicious destruction of property and assault and battery. Referred to grand jury. No disposition.

April 1, 1938, charged with wanton destruction of property and given nine months in the county jail.

In accordance with the usual procedure adopted by the appellant, commission, a violation ticket was issued and served upon the licensees, respondents herein, on the 29th day of September, 1936, stating the nature of the violation to be,—"That licensees have given false information to the Oregon Liquor Control Commission."

On the 8th day of October, 1936, a hearing was held before the examiner appointed by the commission on the charge stated in said violation ticket. The licensees appeared and gave testimony in their own behalf. Orville Fred Hart first asserted that there were two distinct or different Orville Fred Harts in Portland, and that part of the foregoing police record related to the other Orville Fred Hart. He was questioned as to each particular item of this record, and then admitted that the several offenses above detailed were his, and that the entire police record related to himself. He said he had an honorable discharge from the army. Both of the applicants testified that in giving a negative answer to the question as to the police record

"that they were not trying to put anything over on the commission, and were ignorant of the importance of giving the past police record."

At the November meeting of the commission, the report of the examiner, as well as inspector Reed's report, were considered by the commission, and based on this report which included the inspector's report, the commission on the 23rd day of November, 1946,

revoked the licenses theretofore issued to Orville Fred Hart and Lucille Emma Hart. The grounds for the revocation given by the commission were as follows:

"That you violated the provisions of the liquor control act and the regulations of the commission pursuant thereto. That licensees gave false information to the Oregon Liquor Control Commission."

■ The question determinative of this case is whether there was an abuse of discretion on the part of appellant, commission, in revoking respondent's licenses.

The character of Mr. Hart's police record is such that we think there was no abuse of discretion in revoking the licenses in suit.

For an applicant for a license, such as those in suit, to deny that he has a police record, when in fact there is such a record; but discloses no violation of law, or merely indicates some minor offense, such as failing to observe a rule of the road while autoing, overtime parking, or driving through a stop-signal, would not necessarily afford ground for revoking a license issued to such applicant; but larceny, whether of automobile accessories, or of an automobile, is a crime involving felonious intent, and an applicant for such a license, who denies that he has a police record, makes a materially false representation, if the truth is that he has committed such a crime and has been convicted thereof and sentenced therefor.

The statute expressly confers authority upon the appellant commission to cancel such licenses, as those granted to respondents, if the commission finds, or has reasonable grounds to believe, that the licensee has made false representation or statement to the commis-

sion in order to induce or prevent action by the commission. Section 24-122, O. C. L. A., Vol. 3, pp. 211, 212.

The statute also declares that it shall be unlawful for any person to make any false representation or statement to the commission in order to induce or prevent action by the commission. Section 24-137, O. C. L. A., Vol. 2, pp. 219, 220.

In the light of these statutory provisions and the uncontradicted facts as shown in this record, we are unable to reach any other conclusion than that the commission did not abuse its discretion in revoking the licenses of respondents. See *Perry v. Oregon Liquor Control Commission,* Vol. 44, Adv. Sheets, 209, 211, 177 P. (2) 406.

■ The learned trial judge in effect ruled that the false representation of a licensee, in order to come within the intent and purview of the foregoing provisions of the statute, should be signed by the licensee making such false representation. There is no express provision of the statute requiring such signature and we think that such requirement should not be implied.

The trial court erred in finding that appellant abused its discretion in revoking the licenses in suit and in ordering appellant to cancel such revocation and reinstate such licenses.

The order of the circuit court is reversed. The Oregon Liquor Control Commission is entitled to its costs and disbursements.