Argued and submitted January 13, reversed May 26,
reconsideration denied July 16,
petition for review denied August 25, 1981 (291 Or 504)

## WHIPPLE,
*Respondent,*

*v.*

## OREGON SCHOOL ACTIVITIES ASSOCIATION et al,
*Appellants.*

(No. 40-190, CA 17399)

629 P2d 384

John P. Conley, Portland, argued the cause for appellants. With him on the briefs was Hardy, McEwen, Newman & Hanna, Portland.

Stewart M. Whipple, Portland, argued the cause for respondent. With him on the brief were Lee C. Nusich and Whipple, Johansen & McClain, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a companion case to *Cooper v. OSAA,* 52 Or App 425, 629 P2d 386 (1981). Although the facts are somewhat different, it presents the same question: Does the Oregon School Activities Association (OSAA) transfer rule violate any of plaintiff's state or federal constitutional rights?[1]

Plaintiff, Colby Whipple, attended Catlin Gabel, a private school, during the 1977-1978 school year and participated in interscholastic high school athletics at that school. In 1978, plaintiff attended Lakeridge High School and participated in interscholastic high school athletics there. In 1979, plaintiff re-enrolled in the Catlin Gabel School. She was not allowed to participate in interscholastic high school athletics because such activities would be in violation of the OSAA Eligibility Rule for transfer students. On plaintiff's behalf, the Catlin Gabel School requested a hardship exception to the eligibility rules.[2] After a hearing, but without separate notice to plaintiff, OSAA denied the request for a hardship exception. There was no suggestion of proselytizing or recruitment, and plaintiff transferred solely for academic reasons.

Plaintiff brought suit praying for a declaratory judgment holding that she was entitled to participate in interscholastic athletics at the Catlin Gabel School and for an injunction enjoining OSAA from declaring plaintiff ineligible to so participate. The trial court held the transfer rules unconstitutional and granted plaintiff the relief requested. We reverse.[3]

The basis of the trial court's ruling was that the transfer eligibility rules denied plaintiff equal protection

---

[1] *See* text of OSAA Transfer Rule, Article 20-6 cited in *Cooper v. OSAA, supra,* 52 Or App at 434-35 n 8.

[2] *See* OSAA Transfer Rule, Article 20-8-1, 20-8-2, cited in *Cooper v. OSAA, supra,* 52 Or App at 434-35 n 8.

[3] In view of the fact that plaintiff has graduated from high school, a question was raised at oral argument as to whether this case is moot. We think it is not moot because the questions presented here are "capable of repetition, yet evading review." *See Sosna v. Iowa,* 419 US 393, 399-401, 95 S Ct 553, 42 L Ed 2d 532 (1975). Moreover, Oregon courts have held that matters of public interest should sometimes be resolved by the courts even in the face of apparent mootness of the particular case at hand. *Perry v. Oregon Liquor Comm.,* 180 Or 495, 177 P2d 406 (1947); *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602 (1980).

because the rules are drafted too broadly to be reasonably related to the purpose of OSAA Article 20, which is to prevent actual proselytizing or the appearance of proselytizing, in order to promote harmony among member schools and districts. As we said in *Cooper v. OSAA, supra,* we agree that the rule in question sweeps very broadly. However, much as we find application of the rule unfortunate here, an overbreadth argument is inapposite under the Art I § 20 "balancing test" and under traditional federal equal protection analysis. The rule does not have to apply to all parties with "computer-like precision" and its application may produce inequitable results in certain circumstances. *Cooper v. OSAA, supra,* 52 Or App at 437-38.

■ Plaintiff here raises two additional arguments not presented in Cooper: she contends that the transfer rule violates both her procedural and substantive due process rights guaranteed under the Fourteenth Amendment to the United States Constitution. We turn first to the substantive due process claim. The United States Supreme Court has consistently repudiated the use of substantive due process to invalidate state regulation except in the narrow arena of privacy rights and family relations. We find no authority to support the application of substantive due process to condemn OSAA's action here. *See Roe v. Wade,* 410 US 113, 93 S Ct 705, 35 L Ed 2d 147 (1973); *Griswold v. Connecticut,* 381 US 479, 85 S Ct 1678, 14 L Ed 2d 510 (1965); *Williamson v. Lee Optical Co.,* 348 US 483, 75 S Ct 461, 99 L Ed 563 (1955); *Pierce v. Society of Sisters,* 268 US 510, 45 S Ct 571, 69 L Ed 1070 (1925); *Meyer v. Nebraska,* 262 US 390, 43 S Ct 625, 67 L Ed 1042 (1923).

■■ We turn now to the procedural argument. The procedural protections afforded by the Fourteenth Amendment are substantial. However, the Due Process Clause does not insulate an individual from every injury suffered at the hands of the state, but only protects from governmental action which deprives the person of an important liberty or property interest without notice and an opportunity to be heard. *See, e.g., Perry v. Sinderman,* 408 US 593, 92 S Ct 2694, 33 L Ed 2d 570 (1972); *Board of Regents v. Roth,* 408 US 564, 92 S Ct 2701, 33 L Ed 2d 548 (1972). Plaintiff argues that, because the United States Supreme Court has held that a legitimate entitlement to education is

a property interest which is protected by the Due Process Clause, *Goss v. Lopez,* 419 US 565, 95 S Ct 729, 42 L Ed 2d 725 (1975), plaintiff should have been given some kind of notice and afforded some kind of hearing in this case. *See Goss v. Lopez, supra,* 419 US at 579. We disagree. While we think that participation in interscholastic sports is an important part of the educational process, we are not persuaded by plaintiff's argument that it is a liberty or property interest of constitutional proportions. *See Goss v. Lopez, supra; Perry v. Sindermann, supra; Board of Regents v. Roth, supra; Walsh v. Louisiana High Sch. Athletic Ass'n.,* 616 F2d 152 (5th Cir 1980); *Mitchell v. Louisiana High School Athletic Assn.,* 430 F2d 1155 (5th Cir 1970).

Reversed.