Argued and submitted November 24, 1997, appeal dismissed as moot March 18, petition for review denied June 16, 1998 (327 Or 305)

# RESPONSIBLE PUBLIC CONTRACTING COUNCIL, INC.,
### Dale Ramsay Construction Company, Slayden Construction, Inc., and Marion Construction Company,
*Appellants,*

*v.*

## STATE OF OREGON,
### by and through the
## DEPARTMENT OF ADMINISTRATIVE SERVICES
### and Oregon Youth Authority,
*Respondents,*

*and*

## EMERICK CONSTRUCTION COMPANY,
### an Oregon corporation
### and Shea Construction Company, Inc.,
### a Washington corporation,
### a joint venture dba Emerick/Shea Construction,
*Intervenors.*

### (96C-11032; CA A94267)

956 P2d 993

Joseph A. Yazbeck, Jr. argued the cause for appellants. With him on the briefs was Allen, Yazbeck & O'Halloran, P.C.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General and Virginia L. Linder, Solicitor General.

Elizabeth Yeats argued the cause for intervenor. With her on the brief was Seifer, Yeats & Mills, LLP.

Gregory J. Miner, Todd M. Peck, David Douthwaite and Bogle & Gates P.L.L.C. filed a brief *amicus curiae* for The Oregon-Columbia Chapter of The Associated General Contractors of America, Inc.

Before Riggs, Presiding Judge, and Deits, Chief Judge,* and Landau, Judge.

LANDAU, J.

---

* Deits, C. J., *vice* Leeson, J., resigned.

**LANDAU, J.**

At issue in this case is the validity of a final order of the State of Oregon Department of Administrative Services (DAS), which approved an exemption to the Oregon Youth Authority (OYA) from certain competitive bidding public contracting requirements for its selection of a general contractor to construct five regional correctional facilities. In essence, plaintiffs—a public contracting trade association and several of its member contractors—contend that DAS could not lawfully consolidate the construction of all five facilities into one contract. They seek a declaratory judgment to that effect and an injunction setting aside the exemption order and requiring the projects to be put out for bid in accordance with public contracting laws. The trial court affirmed the order. At oral argument on appeal, counsel for intervenor Emerick/Shea Construction, the company to whom the consolidated bid was awarded, disclosed that, during the pendency of the litigation, the five buildings were substantially completed. We requested further briefing on whether the fact that the buildings are now substantially complete renders plaintiffs' claims moot. After reviewing those submissions, we conclude that plaintiffs' claims are moot, and we therefore dismiss the appeal.

We state only those facts relevant to our disposition of the appeal. In November 1994, the voters enacted Ballot Measure 11, which required the incarceration of youth offenders convicted of certain crimes. Because of the anticipated increase in the number of incarcerated youth offenders, the 1995 legislature authorized the construction of five regional youth corrections facilities, to be ready for occupancy by July 1, 1997. The State of Oregon, acting through OYA, submitted a request to DAS for an order exempting OYA from various public contracting requirements, to expedite the construction process. DAS approved the request and issued an order to that effect on January 26, 1996.

On March 25, 1996, plaintiffs initiated this action to obtain judicial review of the DAS approval order as an order in other than a contested case. ORS 183.484. Meanwhile, OYA awarded a contract to intervenor for the construction of

all five facilities. Plaintiffs did not move for a temporary restraining order and, as the litigation proceeded, so also did construction of the five facilities. Plaintiffs moved for summary judgment on a variety of grounds. The state filed a cross-motion for summary judgment. The trial court denied plaintiffs' motion, granted the state's motion and entered summary judgment affirming the validity of the DAS order.

On appeal, plaintiffs reassert their numerous challenges to the validity of the DAS order, and the state reasserts the defenses that it raised to the trial court. In its additional submission, the state reports that the construction of all five buildings now is complete and that either temporary or permanent certificates of occupancy have been issued for all five structures. Intervenor and the state contend that, given the completion of the buildings, plaintiffs' claims are now moot. Plaintiffs do not contest the state's report. They nevertheless contend that

> "even if the buildings are complete and fully occupied, that fact has no bearing on the question of mootness because the factual situation giving rise to plaintiffs' claims is 'capable of repetition, yet evading review' within the meaning of *Southern Pacific Terminal Co. v. ICC*, 219 US 498, 31 S Ct 279, 55 L Ed 310 (1911), and its progeny. In addition, this case presents a matter of public interest that should be resolved by this court, even in the face of apparent mootness of the particular case at hand. *Whipple v. [OSAA]*, 52 Or App 419, n 3, 629 P2d 384 (1981) (citing *Perry v. Oregon Liquor Commission*, 180 Or 495, 177 P2d 406 (1947))."

In *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993), the Supreme Court held that "[c]ases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot." In this case, petitioners challenge the validity of the DAS order that exempted OYA from certain competitive bidding public contracting requirements with respect to the construction of five regional correctional facilities that already have been built. Plaintiffs have not identified how a decision from this court on the merits of their challenge could have any practical effect on the rights of the parties. We likewise cannot discern how a decision on the

merits would amount to anything other than an advisory opinion. Plaintiffs' claims are moot.

Plaintiffs' reliance on the federal "capable of repetition, yet evading review" doctrine is misplaced. So also is their reliance on a "public importance" exception derived from language in the *Perry* decision. The Supreme Court has repudiated both. *Barcik v. Kubiaczyk*, 321 Or 174, 188-89, 895 P2d 765 (1995) ("[t]his court repeatedly has repudiated the '*Perry*' exception"); *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 577, 738 P2d 1389 (1989), *cert den* 484 US 1032 (1988) (earlier cases following "capable of repetition, yet evading review" doctrine "have been discarded in recent cases and should not be followed").

Appeal dismissed as moot.