Argued and submitted December 13, 2001, remanded with instructions
January 9, 2002

Timothy J. FREDERICK,
*Appellant,*

*v.*

CITY OF PORTLAND,
*Respondent.*

99-01-00952; A111378

38 P3d 288

Philip A. Lewis argued the cause for appellant. On the briefs were Heather Van Meter and Ater Wynne LLP.

Harry Auerbach argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner appeals a judgment affirming a City of Portland (city) administrative order excluding him from the city's "drug-free zones" for a one-year period. We conclude that, because the one-year period had expired by the time of the trial court's decision, the case was moot. We therefore remand with instructions to vacate the judgment.

The relevant facts are not in dispute. The Portland City Code (PCC) designates certain areas as "drug-free zones." PCC 14.100.010. If a person is convicted of certain drug-related offenses committed within a drug-free zone, he or she is subject to an administrative order excluding him or her from the zones for a period of one year from the date of conviction. PCC 14.100.030.

On February 25, 1998, petitioner was arrested within a drug-free zone and charged with, among other things, attempted possession of a controlled substance. ORS 475.992. He pleaded guilty to the charge. He received a suspended sentence and was placed on probation for 18 months. Meanwhile, on July 13, 1998, the city served petitioner with a notice of exclusion, ordering him not to enter any of the designated drug-free zones for a period of one year.

Petitioner appealed the notice of exclusion, challenging its constitutionality. Pursuant to local ordinance, PCC 14.100.060(A)(6), the appeal did not stay the effect of the notice. The hearing officer upheld the validity of the notice.

Petitioner filed a petition for a writ of review of the hearing officer's decision. In the meantime, the one-year notice of exclusion expired, and petitioner successfully completed probation. On July 17, 2000, the trial court entered judgment in favor of the city, upholding the validity of the notice.

Petitioner appeals, reasserting his various constitutional challenges to the validity of the notice of exclusion. The city contends that the matter has become moot, indeed, that it was moot at the time the trial court issued the judgment. Petitioner contends that, even if the matter is moot, it is

capable of repetition, yet evading review, and, as such, is subject to judicial review. In the alternative, he argues that, even if not subject to that exception to the mootness doctrine, it is subject to another, namely, the "important public welfare" exception of *Perry v. Oregon Liquor Commission*, 180 Or 495, 498-99, 177 P2d 406 (1947).

■ ■ We begin with the question whether the matter is moot. A case is moot when a judgment of the court will not have "some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). In this case, petitioner challenges the lawfulness of an order of exclusion that no longer applies to him. He has identified no practical effect that a judgment can have on his rights, and we are aware of none. It is therefore moot. *See, e.g., Smith v. Lampert*, 174 Or App 581, 582, 25 P3d 984 (2001) (habeas corpus petition dismissed when the petitioner was no longer incarcerated in segregation).

■ ■ We turn to whether petitioner's challenge to the notice of exclusion is nevertheless justiciable, because it is "capable of repetition, yet evading review." In *Pham v. Thompson*, 156 Or App 440, 445, 965 P2d 482 (1998), *rev den* 328 Or 246 (1999), we held that, although employed by the federal courts, "Oregon does not recognize the 'capable of repetition, yet evading review' doctrine." (Quoting *Barcik v. Kubiaczyk*, 321 Or 174, 188-89, 895 P2d 765 (1995).) *See also Harris v. Keisling*, 173 Or App 163, 164, 20 P3d 864, *rev den* 332 Or 430 (2001) (same). Petitioner insists that we were incorrect in that assessment of Oregon law. We need not address that contention, however, because, even if the Oregon courts were to recognize that exception to the mootness doctrine, petitioner's challenge in this case would not be subject to it. The exception applies in

"situations in which the challenged act is too short in duration to be fully litigated before its cessation or expiration *and* 'there [is] a reasonable expectation that *the same complaining party* would be subjected to the same action again.' *Meyer v. Grant*, 486 US 414, 417 n 2, 108 S Ct 1886, 100 L Ed 2d 425 (1988) (citations omitted; internal quotation marks omitted; emphasis added)."

*Barcik,* 321 Or at 194 (emphasis in original). In this case, there is no basis in the record for concluding that petitioner again will commit crimes within a designated drug-free zone and thus will subject himself to another notice of exclusion.

We turn to petitioner's final contention with respect to mootness, namely that, under *Perry*, his challenge to the city's notice of exclusion is justiciable even if moot because it involves "important questions of public welfare." In *Perry*, the Supreme Court held that courts may decide otherwise moot questions if there is a likelihood that they will be raised again in the future and they "involv[e] the public welfare." 180 Or at 499. Since then, however, the Supreme Court has retreated from that holding. Indeed, in *Barcik*, the Supreme Court stated that "[t]his court repeatedly has repudiated the '*Perry* exception.'" 321 Or at 188. Petitioner contends that *Barcik* was wrongly decided. Petitioner may make that argument to the Supreme Court but not to us.

Remanded with instructions to vacate judgment as moot.