Argued and submitted December 2, 2002, judgment vacated; remanded with
instructions to dismiss as moot January 8, 2003

Terry YANCY,
*Appellant,*

*v.*

William W. SHATZER,
Portland City Code Hearings Officer;
and City of Portland,
*Respondents.*

0008-08313; A114776

60 P3d 1156

Edward Johnson argued the cause for appellant. With
him on the briefs were Legal Aid Services of Oregon, Marc
Jolin, and The Oregon Law Center.

Harry Auerbach, Senior Deputy City Attorney, argued the
cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Linder and
Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Petitioner appeals from a circuit court judgment in a writ of review proceeding that upheld the decision of a hearing officer for the City of Portland. The hearing officer had upheld an order excluding petitioner from two Portland city parks pursuant to Portland City Code 20.12.265, and the circuit court rejected petitioner's arguments that that ordinance is unconstitutional on its face. We conclude that the case was moot before the circuit court rendered its judgment and, therefore, vacate the judgment on remand with instructions to dismiss. *See Frederick v. City of Portland*, 178 Or App 571, 38 P3d 288 (2002).

The underlying exclusion order was issued on June 9, 2000, and, by its terms, expired 30 days later. Petitioner did not seek to stay the operation of the order pending his administrative appeal, which was decided on June 21, 2000, or thereafter. Consequently, by the time petitioner filed his petition for writ of review on August 18, 2000, the exclusion was no longer effective. Apparently, no party informed the circuit court that the exclusion was no longer operative, and the circuit court rendered a decision on the merits of petitioner's constitutional challenges to the ordinance.

On appeal, the city argues, for the first time, that this matter is moot because of the expiration of the exclusion. We agree. *See Frederick*, 178 Or App at 574-75. Petitioner argues that, notwithstanding the expiration of the exclusion period, this dispute is not moot because of other alleged potential consequences from the mere issuance and recordation of the exclusion order. We have considered, and reject, those arguments.

Judgment vacated; remanded with instructions to dismiss as moot.