Argued July 3, affirmed August 2, 1963.

## SCHOENEMAN *v.* BENNETT

384 P. 2d 217

*David J. Krieger,* Portland, argued the cause for appellant. With him on the briefs were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*George Joseph,* Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and Robert M. Christ, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is a mandamus proceeding brought by petitioner in the circuit court for Multnomah county to

require the respondent as clerk of the district court for Multnomah county to issue a writ of attachment. A demurrer to an alternative writ was sustained and the writ dismissed. Petitioner has appealed.

' We were informed on oral argument that this proceeding was instituted by petitioner, who is a private process server, in an attempt to establish his right to serve writs of attachment issued by the clerk of the district court in Multnomah county. From the alternative writ it appears that the issue was created when the petitioner, as plaintiff, filed in the district court for Multnomah county an action upon a contract for the direct payment of money. After the summons had been issued in said action the petitioner filed with the clerk an affidavit and an undertaking for a writ of attachment as required by ORS 29.120 and 29.130. He informed the clerk that he intended to have the writ of attachment served by a private individual instead of by a sheriff or constable. The clerk thereupon refused to issue the writ, and petitioner brought this proceeding to compel him to do so.

The alternative writ commanded the defendant "to issue the said writ of attachment to the petitioner for service by *a private individual* authorized to serve a summons" or to appear and show cause why he failed to do so. (Emphasis added.) At the outset it appears that the demurrer to the alternative writ might well have been sustained on the ground that the authority of the defendant was limited to the issuance of the writ of attachment as directed by law, and that he had no authority to designate in the writ by whom it might be served.

However, the question presented for decision in the briefs and on the argument is whether a writ of attachment issued by the clerk of a district court must

be served by a sheriff or constable, or whether it can be served by a private person. That was the question decided in the trial court, and because it is a question of general interest, we deem it advisable, in order to avoid additional litigation and delay, to decide the question here. *Johnson v. City of Astoria*, 227 Or 585, 591, 363 P2d 571.

The district court for Multnomah county was created by Oregon Laws 1913, ch 355. Section 8 of that act provided that in a civil action in a district court the plaintiff was entitled to the provisional remedy of attachment, and further provided that a writ of attachment could be served and executed by any person authorized to serve a summons. Section 10 of the act provided that the summons should be served by the officers named in § 2419, Lord's Oregon Laws, which in turn provided that the summons should be served by certain officers named therein, including the sheriff of the county or his deputy, or any constable of any precinct in the county. Section 8 of the 1913 act is now codified as ORS 46.080,[1] while § 10 of the 1913 act is now codified as ORS 46.120. The two sections operated harmoniously for 40 years, with § 8 providing that a writ of attachment could be served by any person authorized to serve a summons, and § 10 providing in effect that a summons could be served only by the officers designated in § 2419, Lord's Oregon Laws.

---

[1] ORS 46.080. "In civil actions the district courts shall have jurisdiction, as in like cases in the circuit courts, in every ancillary, incidental and supplemental proceeding, before and after judgment, including the provisional remedies of arrest, attachment and delivery of personal property * * *. * * * A writ of arrest or of attachment or an order for the delivery of personal property claimed in the action may be served and executed by any person authorized to serve a summons."

In 1953 the legislature amended ORS 46.120 to provide that a district court summons could be served not only by a sheriff or constable, but also by "any competent person over the age of 21 years who is a resident of the State of Oregon and is not a party to or an attorney in the action." If the legislature had stopped at that point it is clear that ORS 46.080 would by reference have authorized the service of a writ of attachment by a private person. The legislature, however, added a new section to ORS 46.120,[2] which provided that all processes of a district court "other than the summons" should be made by one of the officers named in ORS 52.120,[3] who are the sheriff of the county, or his deputy, or any constable of the county, or his deputy.

The legislature failed, however, to amend ORS 46.080, so as to make it conform to ORS 46.120. The result is a direct conflict. ORS 46.080 taken by itself provides that a writ of attachment may be served by any person authorized to serve a summons. Section (1) of ORS 46.120 provides that a summons may be served by a private person. Petitioner argues that these two sections plainly authorize the service of a writ of attachment by a private person. His argument, however, ignores § (2) of ORS 46.120, which permits service of a writ of attachment only by a sheriff or constable.

We hold that the legislature intended to authorize the service of the summons in a district court action by any competent person, but to require the service

---

[2] ORS 46.120. "(2) Service of all processes of a district court, other than the summons, shall be made by one of the officers named in ORS 52.120."

[3] ORS 52.120 is the current codification of what was formerly § 2419, LOL.

of all "other"④ process by specified officers, namely: sheriffs, constables, and their deputies. It seems clear to us that failure to amend ORS 46.080 to conform to ORS 46.120 was merely a legislative oversight.

The judgment is affirmed.

④ This court has uniformly held that under our statutes a summons is not process. Mutzig v. Hope, 176 Or 368, 379, 158 P2d 110; Re Water Rights of Burnt River, 116 Or 525, 529, 241 P 988; Lane v. Ball, 83 Or 404, 419, 160 P 144, 163 P 975; Whitney v. Blackburn, 17 Or 564, 571, 21 P 874; Bailey v. Williams, 6 Or 71.