## ADAMS MOTORCYCLE SALES, INC. *v.*
## DEPARTMENT OF REVENUE

Bernard F. Bednarz, Salem, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered May 3, 1973.

CARL N. BYERS, Judge Pro Tempore.

This case has been submitted upon stipulation of the parties, who agree that no factual dispute exists and the sole issue is one of statutory construction. Plaintiff is a motorcycle dealer who owned certain motor vehicles which were not registered or licensed on January 1, 1972, but which were subsequently registered and licensed prior to March 31, 1972. Plaintiff sought to have the property taxes thereon canceled

under the provisions of ORS 481.270 (2). The Marion County Assessor refused to cancel the taxes on the ground that plaintiff had failed to furnish the requisite proof of registration and licensing on time. Plaintiff now appeals from Department of Revenue Order No. VL 72-381 which upheld the action of the assessor.

ORS 481.270 (2) provides that registration and license fees for motor vehicles are in lieu of all other taxes. Vehicles held for sale by dealers which are not registered and licensed on January 1 must be reported to the county assessor and listed for ad valorem taxation. However, the tax on any such vehicles may be canceled if the vehicles are subsequently registered and licensed prior to March 31 of the same year. In order to obtain cancellation of the taxes, the owner or dealer must furnish the assessor,

"* * * documentary proof, not later than *the date specified in subsection (4) of ORS 308.250,* that the vehicles so assessed have been registered in this state and the license fees have been paid thereon not later than March 31 of the same year." (Emphasis added.)

ORS 308.250, to which the above statute refers, is similar to ORS 481.270 (2) in that it provides for cancellation of property taxes assessed against certain food products if the farmer, producer or processor furnishes documentary proof to the assessor that the product was shipped on or before May 1. Prior to 1971, subsection (4) of ORS 308.250 expressly provided that the documentary proof must be furnished to the assessor not later than May 15. This was the same subsection and date to which ORS 481.270 (2) referred. Thus, prior to 1971, the legislature provided a uniform date for furnishing documentary proof to obtain can-

cellation of property taxes assessed against certain food products and motor vehicles.

In 1971, the legislature added mobile homes as a third category which could obtain cancellation of property taxes. In language similar to the two abovementioned statutes, Or Laws 1971, ch 529, added a new subsection (4) to ORS 308.250 to permit the cancellation of property taxes assessed against mobile homes. The prior subsection (4), which specified the date for furnishing documentary proof to the assessor, was renumbered as subsection (5). However, no corresponding change was made to ORS 481.270 (2). Consequently, ORS 481.270 (2) now refers to the "date specified" in the new subsection dealing with mobile homes. The issue before the court is whether the legislature intended to retain the date of May 15, now found in subsection (5), or to adopt a new "date specified" in the new subsection (4).

In resolving this question, it is helpful to consider the language and purpose of the new subsection (4) of ORS 308.250. That subsection provides that if mobile homes exceeding eight feet in width are being held by a manufacturer or dealer for sale or exchange and such homes are assessed for property taxes on January 1, the manufacturer or dealer may obtain cancellation of the assessment by furnishing the assessor documentary proof that the mobile home was sold before May 1 of the same year. The subsection is not concerned with or directed to the question of when documentary proof must be furnished to the assessor. That point of concern is now the subject of subsection (5) of ORS 308.250. The court notes that the new subsection (5) makes specific reference to the new subsection (4) and that the two subsections must be read together to ascertain legislative intent.

Defendant contends that ORS 481.270 (2) is not amenable to judicial interpretation because the language of the statute is not ambiguous or uncertain. However, the new subsection (4) of ORS 308.250 to which we are directed to find a "date specified" mentions not one but two dates. The two dates mentioned are January 1, as the assessment date, and May 1, as the sale date. There is nothing in either statute to indicate which of these dates might be intended by subsection (2) of ORS 481.270. Neither date in its context pertains to the subject of furnishing documentary proof to the assessor. While it is not necessary that such a referent date be related to the purpose for which it is used, nevertheless it is indicative of a possible lack of correlation in the numbering of the subsections.

 In view of the statutory pattern established for the cancellation of taxes on certain properties and the manner in which ORS 308.250 was amended, it is obvious that the failure to change the number referred to in ORS 481.270 (2) was merely legislative oversight.[①] There is no discernible reason why the legislature would adopt a new date for motor vehicle dealers to furnish documentary proof to the assessor when it retained the old date of May 15 for food processors and mobile home dealers. Also, the manner in which ORS 308.250 was amended, moving subsection (4) down and renumbering it to subsection (5) and inserting a new subsection (4), is one which can easily produce the numerical incongruity discussed here.

The court finds that the legislature did not intend

---

[①] Section 27 of Eng HB 2027 of the 1973 Legislative Assembly, if enacted, will remedy the 1971 failure to amend ORS 481.270 (2) to conform with the 1971 amendment to ORS 308.250.

to change the date by which a motor vehicle dealer or owner must furnish the assessor documentary proof, and that the failure to amend subsection (2) of ORS 481.270 was a mere legislative oversight. *Schoeneman v. Bennett,* 235 Or 257, 384 P2d 217 (1963). The reference in ORS 481.270 (2) to subsection (4) of ORS 308.250 must be deemed to refer to subsection (5) of ORS 308.250.

The order of the Department of Revenue, No. VL 72-381, is set aside.