Argued and submitted November 1, 1983, affirmed February 8, 1984

## In the Matter of the Marriage of

HAMILTON,
*Petitioner,*
*and*

HAMILTON,
*Respondent.*

HAMILTON,
*Petitioner - Respondent,*

*v.*

SMITH,
*Respondent - Appellant.*

(83-104-NJ-1; CA A27542)

676 P2d 341

Mark Wehrly, Jackson County Counsel, Medford, argued the cause for appellant. With him on the briefs was John L. DuBay, Medford.

G. Philip Arnold, Ashland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

938

## YOUNG, J.

■ The sheriff of Jackson County appeals from the issuance of a writ of mandamus commanding him to "serve and execute Summons and process" in a proceeding for dissolution of marriage. The issue is whether the sheriff has a statutory duty to serve summonses in civil actions.[1] We affirm.

On January 1, 1983, the sheriff, due to budget cuts, adopted a policy of refusing to serve summonses and complaints in all civil proceedings. Thereafter, respondent filed a petition for dissolution. The sheriff refused to serve a summons, the petition, an order waiving fees and costs and an order granting temporary child custody. Respondent petitioned for an alternative writ of mandamus. Following a show cause hearing, the trial court granted the writ to compel service on the basis of ORS 206.030.

The office of sheriff is established by Article VI, section 6, of the Oregon Constitution. Article VII (Original), section 16, of the constitution provides in part:

"A sheriff—shall be the ministerial officer of the Circuit, and County Courts, and shall perform such other duties as may be prescribed by law."

The question becomes whether the sheriff has a statutory duty to serve summonses in civil actions.

The duties of the sheriff are codified in ORS ch 206 and include the duty to serve and execute process, orders and papers. ORS 206.010(3) provides:

"[I]t is his duty to:

"Execute the process and orders of the courts of justice or of judicial officers, when delivered to him for that purpose, according to law."

ORS 206.030 provides:

---

[1] The sheriff complied with the writ and served the summons, petition and two orders as commanded. We denied respondents' motion to dismiss the appeal because of mootness. "[M]atters of public interest should sometimes be resolved by the courts even in the face of apparent mootness of the particular case at hand. *Perry v. Oregon Liquor Comm.*, 180 Or 495, 177 P2d 406 (1947); *Harris v. Board of Parole*, 47 Or App 289, 614 P2d 602 (1980)." *Whipple v. OSAA*, 52 Or App 419, 421 n 3, 629 P2d 384 (1981).

"An officer to whom any process, order or paper is delivered shall execute or serve it according to its command or direction, or as required by law, and must make a written return of the execution or service thereof."

 The Supreme Court has uniformly held that, under our statutes, a summons is not "process." *See Schoeneman v. Bennett,* 235 Or 257, 261 n 4, 384 P2d 217 (1963); ORCP 8. Neither is a summons an "order" issued by a circuit court, except in those cases where the method of service is ordered under ORCP 7D(6)(a). "A summons is issued when subscribed by plaintiff or a resident attorney of this state." ORCP 7B.[2]

The predecessor of ORS 206.030 was enacted in 1862 and has remained essentially unchanged. General Laws of Oregon, ch 13, § 965, p 389 (Deady 1845-64). From 1862 to 1951 the following statute was also in effect:

"The summons *shall be served by the sheriff* of the county where the defendant is found, or by his deputy, or by a person specially appointed by him, or by the court or judge thereof, in which the action is commenced." (Emphasis supplied.) General Laws of Oregon, ch 1, § 53, p 151 (Deady 1845-64); OCLA § 1-604.

In 1951, OCLA § 1-604 was amended (Or Laws 1951, ch 392, § 1) to provide that, in addition to the sheriff, in those counties having a population of less than 400,000 "the summons may be served by any competent person over the age of 21 years * * *." In 1955, the statute (then ORS 15.060) was amended by deleting the population limitation. Or Laws 1955, ch 165. In 1981, ORS 15.060 was replaced by ORCP 7E (Or Laws 1979, ch 284, § 199), which provides:

"A summons may be served by any competent person 18 years or older who is a resident of the state where service is made or of this state and is not a party to the action nor an officer, director, employee of, nor attorney for, any party, corporate or otherwise. Compensation to a sheriff or sheriff's deputy in this state who serves a summons shall be prescribed by statute or rule * * *."

[2] In justice court a summons is issued by "the plaintiff or his attorney or the justice of the peace." ORS 52.110. Because a summons may be issued by the justice of the peace, it may be "process" of the justice court. *See* 11 Op Att'y Gen 19 (Or 1922-24).

■ The crux of the sheriff's argument is that because ORCP 7E no longer expressly imposes a duty on the sheriff to serve summonses, the command to the sheriff in ORS 206.030 to serve papers "as required by law" no longer applies. We disagree. The amendments since 1951 broadened the class of individuals who may legally serve summonses. However, there is no indication that the legislature intended to relieve the sheriff of his historical duty to serve summonses. Rather, it is implicit in the legislative history and statutory scheme that the sheriff continues to have that duty. ORCP 7E specifically refers to the statutory basis for fees when the sheriff serves a summons. ORCP 7F(2)(a)(ii) governs the sheriff's certificate of service. ORS 21.410 (enacted by Or Laws 1945, ch 315, § 1) sets the fee for service of a summons by the sheriff. ORS 21.410 has been amended eight times to increase or change the fee schedule since 1955, the date the service provision was amended to allow competent nonparties over the age of 21 to serve summonses.[3] Finally, ORS 21.605 specifically provides for waiver of service fees.[4] If the sheriff has no duty to serve a summons, a waiver of fees is a nullity, because the court lacks authority to require any other "competent person 18 years or older who is a resident * * * of this state" to do so.

We conclude that the intent of the legislature is to offer a choice between the sheriff and a private process server. We hold that the sheriff has a statutory duty to serve a summons in a civil action and the duty is enforceable by writ of mandamus.

Affirmed.

---

[3] Or Laws 1959, ch 620, § 1; Or Laws 1965, ch 619, § 16; Or Laws 1969, ch 252, § 1; Or Laws 1973, ch 393, § 1; Or Laws 1975, ch 607, § 9; Or Laws 1977, ch 547, § 1; Or Laws 1979, ch 833, § 9; Or Laws 1981, ch 835, § 2 and ch 883, § 31.

[4] Former ORS 21.605(1)(a) provided in part:

"A circuit, district or justice's court, the Court of Appeals and the Supreme Court, upon application of a party thereto, shall waive all filing fees, service fees and court costs applicable to the particular suit or proceeding if the court finds that the party is unable to pay such fees and costs * * *." (Amended by Or Laws 1983, ch 673, § 24.)