Argued August 31, affirmed September 1, 1964

# SCHNELL ET AL *v.* APPLING, OREGON AFL-CIO

395 P. 2d 113

*Leo Levenson,* Portland, argued the cause and filed a brief for appellants.

*John J. Tyner, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*Donald S. Richardson,* Portland, argued the cause

for intervenor-respondent. With him on the brief were Green, Richardson, Green & Griswold, Portland.

Roy F. Shields and James H. Clarke, Portland, filed a brief as *amici curiae*.

Before McAllister, Chief Justice, and Rossman, Perry, O'Connell, Goodwin, Denecke and Lusk, Justices.

GOODWIN, J.

This is a proceeding to enjoin the Secretary of State from placing an initiative measure upon the ballot for the general elections to be held November 3, 1964.

The plaintiffs contended that a measure which would substantially change the Workmen's Compensation Law was ineligible for inclusion on the ballot because of alleged defects in the initiating petition. The trial court sustained a demurrer to the complaint, and the plaintiffs appeal.

The proposed legislation was made a part of the petition. The measure is drafted in the form ordinarily employed in bills introduced in the Legislative Assembly. The plaintiffs argue that although the standard form of bill is legally sufficient for legislation originating in the Assembly, a measure drawn in the same form does not satisfy the constitutional requirements for an initiative petition.

Oregon Constitution, Art IV, § 1, provides in part:

"* * * The first power reserved by the people is the initiative, and not more than eight percent of the legal voters of the state shall be required to propose any measure by such petition, * * * and every such petition shall include the full text of the measure so proposed * * *."

The initiative petition's alleged violations of the foregoing constitutional provision consist of (a) the designation of certain sections of existing law to be repealed by section number only instead of the quotation of such sections in full, and (b) the failure to include (in some manner not disclosed) the full text of sections of existing law referred to in the initiative petition but left unchanged by the proposed measure. Such sections are referred to by section number only. The circuit court held that a petition satisfies the "full-text" requirement if it contains the precise terms of the proposed measure and nothing more.

The question presented in this appeal has not previously been before this court. A similar question, however, has been decided by the Supreme Judicial Court of Massachusetts. The Massachusetts court held that the printing in full of sections referred to in the proposed legislation is not demanded by a constitutional requirement that the full text of the proposed legislation be set forth in an initiating petition. Opinion of the Justices, 309 Mass 555, 560, 34 NE2d 431 (1941). The same rule should apply to repealed statutes. As a practical matter, the inclusion of the text of repealed statutes in the new enactment would create a substantial volume of surplus verbiage, and could produce confusion. The text of repealed statutes, like that of statutes referred to in the proposed measure, would be no part of the enacted statute should it pass, and some means would have to be found for eliminating such surplusage after enactment. No useful purpose would be served by quoting at length either the related statutes referred to in the proposed measure but left unchanged thereby or the statutes to be repealed thereby. Since such matter is no part of the

proposed law, it need not be made a part of the initiating petition.

The full-text requirement of our constitution means exactly what it says. The petition must carry the exact language of the proposed measure. It need include nothing more.

The judgment of the trial court, which dismissed the complaint, is affirmed.