Jeanne HARRIS
and Jann Carson,
*Appellants,*

*v.*

Phil KEISLING,
Secretary of State
for the State of Oregon,
*Respondent.*

(98C-19263; CA A105892)

20 P3d 864

Scott L. Garland argued the cause for appellants. With him on the briefs were Scott J. Kaplan and Stoel Rives LLP. Charles F. Hinkle, Scott J. Kaplan and Stoel Rives LLP, filed appellants' response to respondent's motion to dismiss.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief and on the motion to dismiss were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

Armstrong, J., concurring.

## PER CURIAM

Plaintiffs appeal from a judgment in favor of defendant Secretary of State in a case involving a state constitutional challenge to an initiative measure. Plaintiffs assign error to the trial court's grant of defendant's motion for summary judgment, which was based on the court's conclusion that plaintiffs' constitutional challenge was foreclosed by *Schnell v. Appling*, 238 Or 202, 395 P2d 113 (1964). After we heard arguments in the case, a majority of Oregon electors voted against the measure at the November 2000 general election. Defendant then moved to dismiss the case as moot. Plaintiffs oppose dismissal on the ground that the case fits into the exception to the mootness doctrine for cases that are capable of repetition yet evading review. Because we have previously concluded that that exception is not available in Oregon, *see, e.g., Barnes v. Thompson*, 159 Or App 383, 388, 977 P2d 431, *rev den* 329 Or 447 (1999), we grant defendant's motion to dismiss plaintiffs' appeal as moot.

Appeal dismissed as moot; judgment vacated with instructions to dismiss plaintiffs' complaint for lack of a justiciable controversy.

**ARMSTRONG, J.,** concurring.

I concur in the decision to dismiss plaintiffs' appeal as moot. I write separately, however, to explain my reasons for joining in that disposition of plaintiffs' appeal.

Plaintiffs challenged defendant's certification of Ballot Measure 9 for the November 2000 election. They argued that the initiative petition violated Article IV, section 1(2)(d), of the Oregon Constitution, which requires "[a]n initiative petition [to] * * * include the full text of the proposed law or amendment to the Constitution." The initiative petition for Ballot Measure 9 stated that the initiative would amend ORS 336.067 and ORS 659.155. The petition set forth a proposed new section and subsection to be added to those statutes but did not include the balance of the text of the statutes to which the new provisions would be added. Plaintiffs alleged that the failure to include the balance of the text of the amended statutes violated Article IV, section 1(2)(d), and also would

mislead voters about the effect of the proposed amendments. Defendant argued that, in setting forth in full the proposed new section and subsection, the petition satisfied Article IV, section 1(2)(d).

> "Under Oregon law, a justiciable controversy exists when 'the interests of the parties to the action are adverse' and 'the court's decision in the matter will have some practical effect on the rights of the parties to the controversy.' *Brumnett v. PSRB*, 315 Or 402, 405-06, 848 P2d 1194 (1993). 'Cases that are otherwise justiciable, but in which a court's decision no longer will have a practical effect on or concerning the rights of the parties,' are moot. *Id.* at 406."

*Barcik v. Kubiaczyk*, 321 Or 174, 182, 895 P2d 765 (1995). Because Ballot Measure 9 failed at the polls, a decision by us that held that the Secretary of State erred in submitting the measure to the voters would not have any practical effect. The measure did not become law, so the question whether it was error to allow people to vote on it is now purely academic. Therefore the case is moot, and, unless it comes within an exception to the mootness doctrine, it must be dismissed.

Plaintiffs argue that the case is capable of repetition yet evading review and, for that reason, that we should decide the case on the merits even though it is moot. Defendant counters that Oregon courts have rejected a mootness exception for such cases. Although plaintiffs concede that we have rejected such an exception, *see, e.g., Barnes v. Thompson*, 159 Or App 383, 388, 977 P2d 431, *rev den* 329 Or 447 (1999), they argue that the Supreme Court cases on which we relied in doing so did not expressly foreclose the applicability of the exception in all circumstances.[1] Accordingly, plaintiffs have asked us to revisit the issue whether the exception applies in Oregon.

Under the exception for cases that are capable of repetition yet evading review, a court is

---

[1] *See, e.g., Barcik*, 321 Or at 188-89 (discussed capable of repetition but evading review exception in conjunction with exception for cases of great public importance but held only that exception for cases of great public importance does not apply in Oregon). *But see Oregon Republican Party v. State of Oregon*, 301 Or 437, 440, 722 P2d 1237 (1986) (assumed that mootness exception for cases that are capable of repetition yet evading review exists in Oregon but noted that the court has not held that it does).

> "permitted to hear an otherwise moot case when: (1) the
> challenged action is of too short a duration to be litigated
> fully prior to its cessation or expiration; and (2) there is a
> reasonable expectation that the same complaining party
> will be subject to the same action again. This exception does
> not apply merely because the issue might recur in another
> case with different parties. The parties must demonstrate a
> reasonable expectation that the event complained of will
> recur with respect to themselves."

*Arkansas AFL-CIO v. F.C.C.*, 11 F3d 1430, 1435 (8th Cir
1993) (plurality) (citations omitted). I am persuaded that the
first requirement for the exception, that the challenged
action will evade review, is not met in this case. About two
years elapsed between the date that plaintiffs filed their case
in the trial court and the election at which the voters rejected
the measure.[2] That will be sufficient time to procure appel-
late review in many cases, particularly if courts are apprised
of the need to expedite consideration of the cases. Further-
more, if Ballot Measure 9 or another initiative measure with
the same alleged constitutional defect were to pass at a
future election, then the case would not necessarily become
moot, even if it were still pending on appeal, because resolu-
tion of the case presumably could lead to invalidation of the
law.[3] Either reason is sufficient to establish that a future con-
stitutional challenge would not necessarily evade review.

---

[2] Plaintiffs' complaint was filed about two months after the supporters of the
measure notified defendant of their intent to initiate the petitioning process.

[3] Oregon case law does not prescribe a remedy for violation of Article IV, sec-
tion 1(2)(d), and neither party has raised the issue. For purposes of this case, I
assume that an adequate post-election remedy is available when an unconstitu-
tional initiative is enacted by the people and a timely pre-election challenge is still
pending. *See, e.g., Lindstrom v. Myers*, 273 Or 46, 56, 539 P2d 1049 (1975) (stating
that "invalidation of an election is a severe sanction and should not be lightly
undertaken" but allowing for the possibility of such a sanction because of failure to
comply with a statute governing the petitioning process when the failure is "one of
considerable magnitude [that] * * * threatens the purity of the ballot"); *Nelson v.
Keisling*, 155 Or App 388, 397-98, 964 P2d 284 (1998) (suggesting that invalidating
petition signatures may be an appropriate remedy where a legal defect in an initia-
tive petition was likely to have misled the petition signers). *But cf. State v. Montez*,
309 Or 564, 602-03, 789 P2d 1352 (1990) (dismissing a criminal defendant's argu-
ment that the initiative measures that underlie Oregon's statutory death penalty
scheme are invalid because of lack of compliance with *former* ORS 250.125 and sug-
gesting that that type of challenge to an initiative measure must be filed and com-
pleted before the election at which the vote on the measures is held).

This case is similar to *Aulenback, Inc. v. Federal Highway Admin.*, 103 F3d 156 (DC Cir 1997), in which trucking companies challenged shut-down orders issued by the Federal Highway Administration after the companies were found to be in violation of several highway safety rules. By the time that the companies filed their action, the shut-down orders had been superseded by consent decrees under which the companies were allowed to reopen, provided that they complied with all of the terms of the consent decrees. The federal court of appeals dismissed the case as moot. In holding that the case did not meet the evading review prong of the exception, the court noted that "nothing in the nature of the out-of-service orders * * * preclude[s] review" and that, if new shut-down orders were issued against the companies, they would "again have a full opportunity to litigate them." *Id.* at 163. Undoubtedly plaintiffs in this case, like the trucking companies in *Aulenback,* would prefer not to confront future governmental conduct with which they disagree that could be avoided by resolution of their pending challenge to a prior instance of that conduct. However, under the circumstances, they must await a reprise of that conduct in order to obtain a binding judicial determination of its legality.

Because I am persuaded that any future Article I, section 1(2)(d), challenge by plaintiffs to an initiative measure similar to the one at issue in this case will not necessarily become moot before appellate review of the measure is complete, I conclude that the capable of repetition yet evading review exception to the mootness doctrine is inapplicable to this case even if the exception were otherwise available in Oregon. Consequently, we cannot reexamine in this case our prior rejection of the exception. I believe, however, that we should be prepared to reexamine the availability of the exception in a future case that fits within the exception. I am persuaded that the exception may be narrow enough to avoid the concerns that have led courts to conclude that they cannot decide moot cases and that our rejection of the exception may have been based on a misunderstanding of it. With that understanding, I concur in the decision to dismiss plaintiffs' appeal as moot.