Argued and submitted June 9, affirmed August 6, 2003

# REST-HAVEN MEMORIAL PARK
## and Charles Wiper, III,
### *Petitioners,*

*v.*

# CITY OF EUGENE,
### *Respondent.*

## 99-069; A121207

74 P3d 1107

Bill Kloos argued the cause and filed the brief for petitioners.

Emily N. Jerome argued the cause for respondent. With her on the brief were Glenn Klein, Kathryn P. Brotherton, and Harrang Long Gary Rudnick, P.C.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

### LANDAU, P. J.

Petitioners Rest-Haven Memorial Park and Charles Wiper III, applied to the City of Eugene for a tree-cutting permit. The city approved a 12-month permit subject to conditions. Petitioners appealed the city's decision to the Land Use Board of Appeals (LUBA), challenging those conditions. In the meantime, however, the 12-month permit expired. Because of the expiration of the permit, the city moved to dismiss the appeal as moot. LUBA granted the city's motion. Petitioners now seek judicial review, arguing that their appeal to LUBA is not moot or, in the alternative, that the rule that imposes the 12-month expiration is not valid. We affirm.

The relevant facts are not in dispute. Petitioners own a 76-acre parcel of property that is partially developed as a cemetery. In 1995, the city approved a conditional use master plan that authorized expansion of the cemetery onto undeveloped portions of the property. In 1998, petitioners requested a permit pursuant to the city's Tree Removal and Replacement Ordinance, Eugene Code (EC) 6.300 to 6.990 (2001), to cut 3,166 trees. The city ordinance provides that, subject to exceptions not pertinent to this case, no person may remove a significant or heritage tree without first obtaining a tree removal permit. EC 6.305 (2001). It also authorizes the city manager to promulgate rules to specify the form and content of such a permit. EC 6.335(c) (2001). Pursuant to that ordinance, the city manager promulgated Tree Preservation Administrative Rule R-6.305. Among other things, the rule provides that a tree-cutting permit "shall expire at midnight on the one year anniversary of the effective date of the permit." R-6.305-F(3) (2000). The rule further provides that the applicant may request up to two 12-month extensions of that expiration date. R-6.305-F(4) (2000).

On January 22, 1999, the city manager approved petitioners' application subject to a number of conditions. The conditions included that petitioners be allowed to fell only some of the trees that they had designated for removal and that they complete construction of access roads and the

like within 12 months of the time that the first tree was felled.

Petitioners appealed the city manager's decision. Among other things, petitioners challenged the 12-month construction deadline. They argued that the deadline was impossible to meet and not environmentally sound. Petitioners also noted that, although "[t]here is a requirement in the administrative rule that a permit shall expire at midnight on the one year anniversary of the date of issue," that rule "should be read as requiring work authorized under a permit *to begin* within one year of permit issuance, not be completed within one year of permit issuance." (Emphasis added.) At the public hearing on petitioners' objections, their attorney even suggested that the one-year expiration rule did not apply, although, when pressed, he later acknowledged that "[t]he tree felling permit is valid for one year." At no time did petitioners suggest that the 12-month expiration date or the administrative rule under which it was promulgated was invalid for any reason.

On March 29, 1999, the hearing officer issued her decision. She noted petitioners' objections to the time constraints in the permit, noted their concession as to the applicability of the 12-month deadline under the administrative rule, and affirmed the city manager's decision with modifications not pertinent to this appeal. Petitioners then appealed that decision to LUBA.

While the appeal was pending, the parties engaged in settlement discussions, which ultimately did not prove fruitful. Meanwhile, petitioners cut down all the trees that they were allowed to cut under the January 22, 1999, permit. On January 13, 2003, approximately four years after the issuance of the permit, the city moved to dismiss the appeal as moot. According to the city, the permit had long since expired because of the passage of the 12-month expiration that began with the issuance of the permit on March 29, 1999. Petitioners argued, (1) the 12-month expiration period should be tolled during the pendency of an appeal; (2) if no tolling is permitted, the appeal is not moot; and (3) in any event, the 12-month expiration period is invalid, because it is part of an entire set of administrative rules that actually are

land use regulations unlawfully adopted. LUBA rejected each of petitioners' arguments.

On review, petitioners reiterate each of the three arguments that LUBA rejected. We address each in turn.

■ We begin with petitioners' argument that the 12-month expiration should be tolled during the pendency of the appeal. Petitioners cite no authority for their argument; they merely assert that tolling is "implicit" in the fact that an appeal is allowed. As a rule, we lack authority to toll a limitation period in the absence of such authority expressed in the limitation itself. *See, e.g., Stupek v. Wyle Laboratories Corp.*, 327 Or 433, 445-46, 963 P2d 678 (1998). We reject petitioners' argument without further discussion.

■ We next address petitioners' argument that, even if tolling is not possible, the appeal is not moot. According to petitioners, if this case is dismissed as moot, they will be required to apply for another permit and attempt to challenge the lawfulness of the conditions that presumably will be imposed before the expiration date. Given the short 12-month time frame, petitioners argue, it is virtually impossible to obtain the judicial relief that they seek. Under the circumstances, they conclude, their appeal is not moot.

Even assuming for the sake of argument that the rule on mootness applies to administrative agencies and that there exists an exception to that rule for cases that are capable of repetition yet evading review, *cf., Frederick v. City of Portland*, 178 Or App 571, 574, 38 P3d 288 (2002) (Oregon courts do not recognize such an exception); *but see Harris v. Keisling*, 173 Or App 163, 167, 20 P3d 864, *rev den*, 332 Or 430 (2001) (Armstrong, J., concurring) (cases rejecting capable of repetition yet evading review exception were wrongly decided), petitioners have failed to establish that they could not have completed the appellate process before the expiration of the deadline provided in the city's administrative rule. We note that the rule provides for up to 24 months of extensions, which would leave a total of three years within which to obtain the relief that they seek. The fact that petitioners simply declined to request those extensions in this case cannot be the basis for concluding that relief within the expiration period is impossible.

■    That leaves petitioners' argument that, in any event, the administrative rule containing the 12-month expiration date is unlawful because it is, in actuality, an unacknowledged land use regulation. We decline to address the merits of that argument, however, because it was not preserved.

ORS 197.835(3) limits the issues that may be raised to LUBA to "those raised by any participant before the local hearings body." In this case, petitioners did not challenge the validity of the city's administrative rules in their appeal of the city manager's decision to the hearing officer.

It may be contended that they did not do so because, until the city moved to dismiss the appeal to LUBA, it was not necessary. That contention does not bear scrutiny, however. The permit contained conditions expressly imposing time conditions on various aspects of the proposed tree-cutting operation. Petitioner challenged those time limitations as unnecessary, but not as invalid. The applicability of the 12-month expiration date imposed by R-6.305-F (2000), in fact, was explicitly raised before the hearing officer. Petitioner first suggested that the administrative rule did not apply, then conceded that, under those rules, "[t]he tree felling permit is valid for one year." If ever there was an appropriate juncture at which to challenge the validity of the administrative rules, it was then. Petitioners did not do so. As a result, they are foreclosed from doing so now.

Affirmed.