Argued and submitted November 30, 2005, reversed and remanded for entry of judgment of conviction and for sentencing March 29, petition for review denied June 13, 2006 (341 Or 80)

STATE OF OREGON,
*Appellant,*

*v.*

JEREMIAH DUWAINE MAUL,
*Respondent.*

017078; A121741

132 P3d 665

Christina M. Hutchins, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jamesa J. Drake, Deputy Public Defender, argued the cause for respondent. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals an order dismissing a complaint charging defendant with driving under the influence of intoxicants (DUII), ORS 813.010, after the court determined that defendant had satisfied the terms of a diversion agreement. The state argues that the trial court erred in dismissing the complaint because defendant did not complete the terms of the diversion agreement within the time allowed by law. We agree with the state and reverse and remand for entry of a judgment of conviction and sentencing.

We begin with a brief summary of the applicable statutes. A person charged with DUII under ORS 813.010 may file a petition to enter into a diversion agreement. ORS 813.210. When the court allows a petition for a diversion agreement, the court is required to take a plea of guilty or no contest, but it withholds entry of judgment on the conviction. ORS 813.230(1). At the conclusion of the diversion agreement, a defendant who has fully complied with and performed the conditions of the agreement may seek an order dismissing the charge with prejudice. ORS 813.250.

ORS 813.230(3) provides that a diversion agreement "shall be for a period of one year after the date the court allows the petition." The court is permitted to extend that one-year deadline:

> "Within 30 days prior to the end of the period of a driving while under the influence of intoxicants diversion agreement described in ORS 813.230, a defendant may apply by motion to the court in which the diversion agreement was entered for an order extending the diversion period."

ORS 813.225(1). The court, however, may grant only one extension, and the maximum length of the extension is 180 days. ORS 813.225(5), (6).

If the court grants an extension of a diversion agreement, and "the defendant fully complies with the conditions of the diversion agreement within the extended diversion period," the court may dismiss the charge with prejudice. ORS 813.225(7)(a). If the court finds that the defendant

failed to comply with the diversion agreement within the extended diversion period, "the court shall enter the guilty plea or no contest plea filed as part of the petition for a diversion agreement, shall enter a judgment of conviction and shall sentence the defendant." ORS 813.225(7)(b).

With those statutory provisions in mind, we turn to the facts of this case. Defendant was charged in Columbia County with DUII. On June 7, 2001, he entered into a diversion agreement with the Columbia County Circuit Court that was to be completed by June 7, 2002. The DUII constituted a "new crime" and a violation of defendant's probation on a different charge, and on June 7, 2001, defendant began serving a six-month jail term as a probation sanction. Upon his release and pursuant to his diversion agreement, defendant enrolled in a treatment program with Columbia County Mental Health. There were interruptions, however, due in part to changes in treatment providers and to changes in defendant's employment that required him to move to central Oregon.

On July 23, 2002, defendant sought an extension of time to complete the diversion agreement. The state did not object, and the trial court granted the motion, extending the diversion agreement to December 10, 2002.

On December 10, 2002, however, defendant had not yet completed his treatment program. He requested an additional extension of the diversion agreement. The state opposed the request and asked the trial court to enter a judgment of conviction on defendant's guilty plea. The trial court did not extend the diversion agreement. But it did not enter a judgment of conviction, either. It simply "continued" the hearing until April 3, 2003.

On April 3, 2003, defendant still had not completed his treatment program, and he requested another extension. The state once again objected and asked the court to enter a judgment of conviction and sentence defendant. The trial court once again did not grant another extension, nor did it enter a judgment of conviction. It explained that it needed "some opportunity to consider the arguments of the parties" and continued the hearing until May 8, 2003.

By May 8, 2003, defendant had completed his treatment program and had met all the requirements of his diversion agreement. He moved to dismiss the DUII charge. The state opposed the motion on the ground that defendant had not completed the diversion within the extended period of the diversion agreement, as required by ORS 813.225(7).

The trial court granted defendant's motion to dismiss. The court noted that, despite defendant's best efforts, the circumstances of defendant's employment had made it difficult for him to complete diversion within the time prescribed in ORS 813.225(5). Given defendant's unique situation, the court "excus[ed] that period of time that [defendant] was employed in central Oregon when he was not able to be engaged in a treatment plan because of his employment" and dismissed the charge.

■ On appeal, the state assigns error to the trial court's dismissal of the complaint in light of defendant's failure to complete the terms of the diversion agreement within the extended period. We review the trial court's ruling for errors of law. *State v. Thompson*, 328 Or 248, 256-57, 971 P2d 879, *cert den*, 527 US 1042 (1999).

As we have noted, ORS 813.225(7)(a) provides that, when the court grants an extension of a diversion agreement, the court may dismiss the charge with prejudice "if the defendant fully complies with the conditions of the diversion agreement *within the extended diversion period.*" (Emphasis added.) Under ORS 813.225(5), the maximum length of an extension of a diversion period is 180 days. In this case, the trial court granted defendant that maximum extension, to December 10, 2002. Defendant did not complete the diversion program by that deadline, however. In fact, it took an additional five months for defendant to complete the program. As we have noted, ORS 813.225(7)(b) provides that if the court finds that a defendant failed to comply with the terms of the diversion agreement within the extended diversion period, "the court * * * *shall enter a judgment of conviction* and shall sentence the defendant." (Emphasis added.)

In this case, the trial court found that defendant, in fact, had failed to comply with the terms of the diversion

agreement within the extended diversion period, and defendant does not contest that fact. The trial court purported to "excuse" defendant for failing to do so because of extenuating circumstances pertaining to defendant's employment obligations. The statute, however, is unequivocal and, frankly, inflexible. Only if a defendant completes the diversion program "within the extended diversion period" may the court dismiss the charge. ORS 813.225(7)(a). There is no provision for additional extensions of time. Nor is there provision for "tolling" the one period of extension that the statute does authorize.

Defendant suggests that the trial court could have asserted authority to dismiss the charge under ORS 813.250(1), which authorizes a court to dismiss a DUII charge if a defendant has "fully complied with and performed the conditions of the diversion agreement." Defendant acknowledges that the trial court did not dismiss pursuant to that provision, but he argues that the court could have done so. Defendant's argument, however, is circular. In fact, he explicitly assumes that he had "fully complied with and performed the conditions of the diversion agreement," as the statute requires, because the trial court had tolled the 180-day extension period.

■ Defendant insists that, even if the statute itself does not authorize the court to toll the period of extension, the court had "inherent authority" to do so. As we explained in *Rest-Haven Memorial Park v. City of Eugene* (A121207), 189 Or App 90, 94, 74 P3d 1107 (2003), however, "[a]s a rule, we lack authority to toll a limitation period in the absence of such authority expressed in the limitation itself." *See also Gladhart v. Oregon Vineyard Supply Co.*, 332 Or 226, 230, 26 P3d 817 (2001) (courts lack authority to create discovery rule that has the effect of tolling a statute of limitation).

We conclude that the trial court erred in dismissing the DUII charge.

Reversed and remanded for entry of judgment of conviction and for sentencing.