Argued and submitted November 5, reversed and remanded December 19, 2007

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## MARIO VARGAS-GARCIA,
*Defendant-Respondent.*

Yamhill County Circuit Court
MI040406; A133187

174 P3d 1046

David B. Thompson, Senior Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals a trial court order[1] dismissing the charge of driving under the influence of intoxicants (DUII) against defendant based on the court's conclusion that defendant had complied with the terms of a diversion agreement. According to the state, it is undisputed that defendant did not, in fact, comply with the terms of the agreement. We agree and reverse and remand.

The relevant facts are not in dispute. In June 2004, defendant pleaded guilty to a charge of DUII and entered into a diversion agreement. Under the terms of that agreement, he was to complete a one-year diversion program. The diversion agreement required, among other things, that defendant pay a diversion filing fee and a unitary assessment fee.

Some time later, the court, on its own motion, entered an order to show cause why the diversion agreement should not be revoked because of defendant's "nonpayment of court fines and fees" in accordance with the agreement. Defendant failed to appear, and an arrest warrant issued. Ultimately, defendant was arrested on the warrant. His sister posted bail, and he appeared for hearing on the court's motion in June 2006. At that hearing, the court noted that defendant "still owes fines." Defendant replied, "I finished, but I haven't paid." The court set the matter over to allow defendant to obtain counsel.

In July 2006, a second hearing was held on the motion. The state asked the court to revoke the diversion agreement based on defendant's failure to pay the fees required by the diversion agreement. The state based that request on defendant's admission at the earlier hearing that he still had not paid the required fees. Defendant conceded that he had failed to pay the required fees but opposed the revocation of the diversion agreement. He asked the court to apply the bail that his sister had posted to the unpaid fees. The court then asked for further evidence that defendant had not paid his fees. The state responded that defendant had admitted that he had not paid the fees. The state also offered

---

[1] Presiding Judge Collins signed the order on behalf of another judge.

to confirm the fact by reference to the Oregon Judicial Information Network. Defendant's counsel added that the total fees owing to the court were "approximately $2400 and change." The trial court denied the state's request to revoke the diversion agreement and dismissed the charges against defendant.

On appeal, the state argues that the trial court erred in failing to revoke the diversion agreement. The state argues that, under *State v. Maul*, 205 Or App 14, 132 P3d 665, *rev den*, 341 Or 80 (2006), the trial court was required to revoke the diversion agreement based on defendant's failure to pay the fees required by that agreement.

The state is correct. ORS 813.255 provides that "[t]he court shall terminate the diversion agreement and enter the guilty plea" if "[t]he defendant fails to fulfill the terms of the diversion agreement." *See Maul*, 205 Or App at 19 ("The statute * * * is unequivocal and, frankly, inflexible. Only if a defendant completes the diversion program within the extended diversion period may the court dismiss the charge." (Internal quotation marks omitted.)).

In this case, it is undisputed that the diversion agreement required defendant to pay certain fees. It is also undisputed—defendant admitted the fact—that defendant did not pay the fees required by the diversion agreement. The trial court erred in denying the state's request to revoke the diversion agreement and in dismissing the charges against defendant.

Reversed and remanded.