Argued and submitted February 24, reversed and remanded for entry of judgment of conviction and for sentencing March 31, 2010

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## JOSHUA DELRAY ROWLAND,
*Defendant-Respondent.*

Benton County Circuit Court
TM0621557; A140107

228 P3d 670

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Daniel C. Bennett, Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The state appeals an order dismissing with prejudice a charge of driving under the influence of intoxicants (DUII). Defendant was charged by information with DUII and reckless driving. Defendant entered a diversion program, and the state dismissed the reckless driving charge. Before the diversion period ended, defendant moved for an extension of the diversion period, which the court granted. The trial court subsequently held a hearing on an order to show cause why defendant's diversion should not be terminated and a conviction entered. Over the state's objection, the trial court dismissed the DUII charge. For the reasons explained below, we reverse and remand with instructions to enter a judgment of conviction on the DUII charge and for sentencing.

The relevant facts are procedural and not in dispute. Defendant was charged with DUII and reckless driving in December 2006; he entered into diversion a few days later. *See* ORS 813.210 (allowing a DUII defendant to petition for a DUII diversion agreement). The diversion period was to end on December 27, 2007. *See* ORS 813.230(3) (providing for one-year diversion period). In November 2007, however, defendant sought an extension of the diversion period. *See* ORS 813.225 (allowing a defendant to seek one 180-day extension). The trial court extended the diversion period to June 2008. In March 2008, the court received a notice of noncompliance indicating that defendant had not paid a $150 drug or alcohol abuse evaluation fee, as required by the diversion agreement. As a result, the court issued a show cause order in May 2008. The order stated that it appeared, based on court files, that defendant (1) had failed to pay all or part of the diversion filing fee, with a $299.17 balance due; (2) had failed to attend the evaluation or failed to pay the evaluator; and (3) had failed to complete the treatment program, as instructed by the evaluator.

After appointing counsel for defendant, the court held a hearing on the show-cause order in September 2008. At the hearing, defense counsel pointed out that defendant had, at least by then, completed the requirements of the diversion agreement: "He's brought in paperwork that shows that he's completed everything. Some of the financials may

have been paid a little bit late but it looks like he got all that done." Defendant stated that he had proof of completion of treatment and that he had, by the time of the hearing, paid all fees.

After a short discussion among the court and counsel, the court decided to dismiss the DUII charge. *See* ORS 813.250 (providing that, at the conclusion of the diversion agreement, a defendant who has "fully complied with and performed the conditions of" the agreement may seek an order dismissing the charge with prejudice); ORS 813.225(7)(a) ("If the defendant fully complies with the conditions of the diversion agreement within the extended diversion period, the court may dismiss the charge with prejudice under ORS 813.250."). The court explained,

> "I'm going to find good cause to dismiss the underlying DUII based on his successful completion of diversion even though it's late.

> "You got everything else done ahead of time and finished paying the financial obligations fairly soon after. I'm going to find good cause to allow you to have the benefit of the diversion based on you completing all of the requirements of the diversion and the exceptional circumstances that existed why you didn't get it paid before the end of the diversion time period."

Over the state's objection, the trial court entered an order dismissing the DUII charge.

On appeal, the state argues that the trial court erred in dismissing the DUII charge, because defendant did not complete the requirements of the diversion agreement within the extended diversion period. It points to ORS 813.225(7)(b), which provides that,

> "[i]f the court finds that the defendant failed to comply with the diversion agreement within the extended diversion period, the court shall enter the guilty plea or no contest plea filed as part of the petition for a diversion agreement, shall enter a judgment of conviction and shall sentence the defendant."

The state asserts that, because defendant failed to comply with the diversion agreement within the extended diversion

period—by failing to pay all the required fees—the trial court was required to enter a judgment of conviction.

This case is controlled by our holdings in *State v. Vargas-Garcia*, 217 Or App 70, 174 P3d 1046 (2007), and *State v. Maul*, 205 Or App 14, 132 P3d 665, *rev den*, 341 Or 80 (2006). In *Maul*, as in this case, the defendant sought and was granted an extended diversion period. At the end of that extended period, he had not completed the treatment program required by the diversion agreement. The defendant twice sought additional extensions. Each time, over the state's objection, the court neither extended the diversion period nor entered a judgment of conviction; rather, it simply continued the hearing. 205 Or App at 17. When the defendant finally completed the treatment program, he moved to dismiss the DUII charge, and the court granted the motion. The state appealed, and we reversed, explaining:

> "In this case, the trial court found that defendant, in fact, had failed to comply with the terms of the diversion agreement within the extended diversion period, and defendant does not contest that fact. The trial court purported to 'excuse' defendant for failing to do so because of extenuating circumstances pertaining to defendant's employment obligations. The statute, however, is unequivocal and, frankly, inflexible. Only if a defendant completes the diversion program 'within the extended diversion period' may the court dismiss the charge. ORS 813.225(7)(a). There is no provision for additional extensions of time. Nor is there provision for 'tolling' the one period of extension that the statute does authorize."

*Id.* at 18-19.

Similarly, in *Vargas-Garcia*, the defendant entered into a DUII diversion agreement. The diversion agreement required, among other things, that the defendant pay a diversion filing fee and a unitary assessment fee. Later, the trial court issued an order to show cause why the agreement should not be revoked for "nonpayment of court fines and fees." At a hearing on the order, the court noted that the defendant "still owes fines." The defendant replied, "I finished, but I haven't paid." 217 Or App at 72. At a subsequent hearing, the state asked the trial court to revoke the diversion agreement on the ground that the defendant had not

timely paid his fees. The trial court denied the state's request to revoke the diversion agreement and dismissed the charges against the defendant. *Id.* at 73. Citing *Maul*, we agreed with the state that the trial court had erred:

"In this case, it is undisputed that the diversion agreement required defendant to pay certain fees. It is also undisputed—defendant admitted the fact—that defendant did not pay the fees required by the diversion agreement. The trial court erred in denying the state's request to revoke the diversion agreement and in dismissing the charges against defendant."

*Vargas-Garcia*, 217 Or App at 73.

*Maul* and *Vargas-Garcia* stand for the unremarkable proposition that ORS 813.225 means what it says: If a defendant subject to a diversion agreement does not complete the defendant's obligations under the agreement—including payment of all monetary obligations—by the end of the diversion period, "the court *shall* enter the guilty plea or no contest plea filed as part of the petition for a diversion agreement, *shall* enter a judgment of conviction and *shall* sentence the defendant." ORS 813.225(7)(b) (emphasis added).

In this case, the court, referring to one of defendant's financial obligations, stated that defendant "didn't get it paid before the end of the diversion time period." The court previously had stated, referring to a required fee, that "it's late" and that defendant had "finished paying the financial obligations fairly soon after" the end of the extended diversion period. Thus, the court found that defendant had not paid all required fees during the extended diversion period. Although the trial court purported to find "good cause" for defendant's tardiness, ORS 813.225 simply does not provide for such an exception. The statute is, as we said in *Maul*, "unequivocal" and "inflexible." 205 Or App at 19. The trial court erred in dismissing the DUII charge.

Defendant insists that the trial court did not err, because it implicitly found that defendant had successfully completed diversion. He asserts:

"[T]he trial court did not find that defendant had not fully complied with diversion within the time allotted, only that

defendant had not fully paid the fees within that time period. Because the trial court had the authority to outright waive some of the diversion fees, and because the record supports a finding that it was *those* fees that the trial court allowed defendant to pay late, the trial court did not err in dismissing defendant's DUII charge."

(Emphasis in original.) Defendant, relying on *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968), urges us to "assume that the trial court did partially waive those fees by allowing late payment when it found that defendant had successfully completed diversion."

We reject that argument for two reasons. First, we do not see how the trial court's ruling, read in its entirety, can be read to say that it found that defendant "fully complied with and performed the conditions of the diversion agreement," as required by ORS 813.250(1). The court stated three times that defendant was late in paying the fees. Because we do not understand the court to have found that defendant successfully completed his obligations under the diversion agreement, we need not determine whether that "finding" is implicitly supported by the record. Second, even if we were to apply *Ball*, it would not aid defendant here. Under *Ball*, "[i]f findings are not made on all [historical] facts, *and there is evidence from which such facts could be decided more than one way*, we will presume that the facts were decided in a manner consistent with the ultimate conclusion[.]" 250 Or at 487 (emphasis added). In this case, there is no evidence in the record that would support a finding that defendant "fully complied" with his obligations under the diversion agreement before the extended diversion period ended. The evidence, instead, is to the contrary.

Defendant also argues that the trial court implicitly granted defendant an extension to pay the fee or fees that were not paid on time. He reasons that the trial court had authority to waive certain fees and that within that authority was the authority to allow defendant to pay the fees late. There are two problems with that argument. First, as we explained above, the trial court did not find that defendant had fully complied with the provisions of the diversion agreement, so we have no occasion to search for implicit actions on the trial court's part to support that finding. Second, *Ball*

does not allow us to infer trial court actions—in this case, an extension of time to pay fees that the court had authority to waive—but, rather, only factual findings.

Reversed and remanded for entry of judgment of conviction and for sentencing.