Argued and submitted November 15, 2011, reversed and remanded February 1, petition for review allowed June 14, 2012 (352 Or 107)

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

CARRIE LYNN WILSON,
*Defendant-Respondent.*

Deschutes County Circuit Court
MI080152; A144705

270 P3d 411

Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, argued the cause for appellant. On the brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Denis M. Vannier, Assistant Attorney General.

Ingrid MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

The state appeals from the trial court's dismissal with prejudice of defendant's driving under the influence of intoxicants (DUII) charge, ORS 813.010 (2009),[1] on the ground that defendant had successfully completed diversion. We reverse and remand.

On February 25, 2008, defendant entered a plea of guilty to the DUII charge and simultaneously petitioned to enter into the DUII diversion program. The court allowed the petition, accepted defendant's guilty plea, but withheld entry of a judgment of conviction pending completion or termination of the diversion. The court granted defendant until February 24, 2009, to complete diversion. Among other requirements, the diversion agreement provided that defendant would pay a filing fee of $358, pay court-appointed attorney fees, and complete an alcohol evaluation and treatment program at defendant's expense.

Defendant failed to pay the entire fee by February 24, 2009, and she did not seek an extension of the diversion period. *See* ORS 813.225 (allowing a defendant to file an application for a 180-day extension of the diversion period). On May 8, 2009, and again on July 19, 2009, defendant was arrested for DUII. On August 11, 2009, the state moved for an order requiring defendant to appear and show cause why the court should not terminate defendant's diversion agreement. After the state filed its motion, but before the show cause hearing, defendant paid the balance of the fee. At the show cause hearing, defendant argued that she was indigent and the trial court should waive the diversion filing fee pursuant to ORS 813.210(2) (allowing the court to "waive all or part of the filing fee in cases involving indigent defendants"). The trial court declined to terminate the diversion agreement, determining that defendant's indigency excused her failure to pay the fees by February 24, 2009, as required by the diversion agreement. Ultimately, the court dismissed the DUII charge against defendant, concluding that she had successfully completed diversion.

---

[1] All citations to ORS chapter 813 are to the 2009 version of the statutes.

On appeal, the state asserts that, because defendant failed to pay all of the court-ordered fees before the diversion period ended, the court had no choice but to terminate her diversion agreement and enter her guilty plea. We agree.

In *State v. Reed*, 241 Or App 47, 57-58, 249 P3d 557, *rev den*, 350 Or 574 (2011), we recently held that a defendant must pay the filing fee established for diversion within the diversion period—including any extension period authorized by ORS 813.225. If the defendant fails to do so, the trial court is required, pursuant to ORS 813.255(5)(a), to enter the plea of guilty to the crime of DUII. *Id.* Because defendant failed to pay the entire fee by the end of the diversion period, the same result must follow here.

Reversed and remanded.