Submitted September 30, affirmed October 29, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS ROBERT LOPEZ,
*Defendant-Appellant.*

Washington County Circuit Court
D122548T; A155462

338 P3d 799

Richard E. Oberdorfer filed the brief for appellant. With him on the brief was Oberdorfer Law Firm LLC.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, which the circuit court entered after defendant failed to timely pay his diversion fees. We affirm.

In July 2012, defendant pleaded guilty to DUII and entered into a diversion agreement with the state, under which, if defendant completed all of the requirements of the diversion program within one year, the DUII charge would be dismissed. ORS 813.200 - 813.270. Defendant completed all the requirements within the year except one: He still owed the court $475 in fees. Because of defendant's failure to pay the fees, the circuit court issued an order for defendant to show cause why the diversion agreement should not be terminated. In September 2013, defendant appeared for arraignment on the show cause order and paid the $475. In October 2013, the court held the show cause hearing and noted that defendant had paid the fees. Nevertheless, the court terminated the diversion agreement and entered a conviction for DUII, explaining that it was required to do so because defendant had failed to pay the fees within the diversion period. Defendant objected, arguing that the court was required to dismiss the charge under the current version of ORS 813.255, as amended in 2013, which provides, in part, that, if a DUII diversion participant appears at a show cause hearing, the court shall dismiss the DUII charge with prejudice if "[t]he defendant has complied with and performed all of the conditions of the diversion agreement except that the defendant owes $500 or less of the fees required" and "[t]he defendant pays the balance of the fees owed by 5 p.m. on the day the hearing is held." ORS 813.255(5)(a) - (b). The court concluded that the 2013 amendment did not apply in defendant's case.

On appeal, defendant renews his argument that he was entitled to dismissal under the current version of ORS 813.255, as amended in 2013. He contends that the amendment applies to all *diversion hearings* held on or after the effective date of the law that amended the statute, May 9, 2013. In response, the state argues that the amendment applies only to *diversion agreements* entered into on or after

the effective date. The state is correct. The act containing the amendment specifically states that, "the amendments to ORS *** 813.255 *** by section[] 1 *** apply to *diversion agreements* entered into on or after the effective date of this 2013 Act." Or Laws 2013, ch 78, § 10 (emphasis added). Because defendant entered into his diversion agreement in July 2012, the amendment does not apply.

Instead, the preceding version of ORS 813.255 applies, and it provides that a court "shall terminate a diversion agreement," if, among other things, the defendant "fails to fulfill the terms of the diversion agreement." ORS 813.255(6) (2012), *amended by* Or Laws 2013, ch 78, § 1. We have held that, under that version of the statute, if a defendant "fail[s] to pay all of the court-ordered fees before the diversion period end[s], the court ha[s] no choice but to terminate [the] diversion agreement and enter [the] guilty plea." *State v. Wilson*, 247 Or App 761, 763, 270 P3d 411 (2012), *rev dismissed*, 353 Or 787 (2013). Thus, the trial court did not err.

Affirmed.